**John MOORE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18827.**

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 8, 1965.

Decided March 11, 1965.

———◇———

Mr. William P. Bernton, Washington, D. C. (appointed by this court), for appellant.

Mr. Gerald E. Gilbert, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and William H. Collins, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, and WASHINGTON and WRIGHT, Circuit Judges.

PER CURIAM:

Appellant was convicted of unauthorized use of a vehicle,[1] housebreaking,[2]

and petit larceny.[3] The evidence showed that he and one David Proctor had been arrested by two police officers on a parking lot at 2:00 A.M. on February 5, 1964. The officers testified that appellant was backing a stolen automobile across the parking lot and that both appellant and Proctor jumped from the car and ran when they saw the police. The automobile was found to contain items which had earlier been stolen from Hank & Bill Motors.[4]

Appellant flatly denied all of the charges and further testified that he was not the driver of the automobile on the night of his arrest. His testimony was that shortly before the arrest he had been picked up at his home by Proctor, whom he knew only slightly, that he did not know the automobile was stolen, and that he had not seen, or known about, the stolen articles found in the automobile.

On this appeal two points are raised. Appellant argues first that, by reason of his prior acquittal on a charge of driving without an operator's permit[5] at the time of his arrest, the Government should have been precluded from contending in this case that he was driving the automobile. Secondly, he contends that improper and prejudicial arguments were made during the prosecuting attorney's closing argument.

Appellant's first contention is premised on the doctrine of collateral estoppel. To invoke that doctrine, however, a party must show that an important issue of fact has been previously litigated by the same parties and resolved by final judgment in the prior litigation.[6] The record in this case shows only that, as a result of the events on the

---

1. 22 D.C.CODE § 2204 (1961).

2. 22 D.C.CODE § 1801 (1961).

3. 22 D.C.CODE § 2202 (1961).

4. The Government also called the owner of the stolen automobile, who testified to the theft of his automobile, and the manager of the motor company, who identified the items stolen from Hank & Bill Motors.

5. 40 D.C.CODE § 301(d) (1961).

6. Sealfon v. United States, 332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180 (1948); Laughlin v. United States, 120 U.S.App. D.C. ——, 344 F.2d 187 (Nos. 18,711–2, decided February 11, 1965); United States v. Kramer, 2 Cir., 289 F.2d 909, 83 A.L.R.2d 698 (1961).

morning of February 5, appellant was charged with driving without a permit and that his motion for acquittal was granted. The basis for the acquittal is not shown. Nor can it be confidently inferred that the court found that appellant was not the driver of the automobile at the time of his arrest. The court's dismissal could have been based on any of several possible grounds. Perhaps the court thought that driving on a private parking lot was only a *de minimis* violation of the statute, or was no violation at all. It is also possible that there was no proper showing that appellant was without a permit. Defense counsel at one point admitted that he was unable to ascertain what had occurred in the traffic court proceeding. Since appellant failed to meet his burden of showing that the fact in question was determined by the prior judgment,[7] the trial court properly rejected his collateral estoppel argument.[8]

As to appellant's second contention, it is sufficient to say that under the circumstances shown by the record in this case, we do not think the closing remarks of the prosecutor were so improper as to warrant reversal of the conviction. In his rebuttal, the prosecutor commented on appellant's failure to call a certain witness. Such a comment was not prejudicial under the circumstances of this case,[9] but it should have been made during the prosecutor's main argument. As a general rule, Government counsel should not be allowed to develop new arguments on rebuttal, but should be restricted to answering the arguments put forth by defense counsel.

Affirmed.

7. See United States v. International Building Co., 345 U.S. 502, 73 S.Ct. 807, 97 L.Ed. 1182 (1953).

8. Under the view we take of this case we do not reach the question of whether the District of Columbia, which prosecuted the traffic violation, and the United States are the same for purposes of collateral estoppel. See Randolph v. District of Columbia, D.C.Mun.App., 156 A.2d 686 (1959).

9. Stevens v. United States, 115 U.S.App. D.C. 332, 319 F.2d 733 (1963); Milton v. United States, 71 App.D.C. 394, 110 F.2d 556 (1940).