Walter H. SPENCER, Jr.

v.

TOWN OF WESTERLY, RHODE ISLAND, Through its Town Manager, Eugene F. GERVASINI, in his official capacity as Finance Director, et al.

Walter H. SPENCER, Jr.

v.

TOWN OF WESTERLY, RHODE ISLAND, Through its Town Manager and Finance Director, John F. DONNOE, and John F. Donnoe, Town Manager and Finance Director of the Town of Westerly, Rhode Island.

Civ. A. Nos. 75–0190, 77–0032.

United States District Court,
D. Rhode Island.

April 20, 1977.

---

James P. Flynn, North Kingstown, R. I., Cary J. Coen and John M. Roney, Providence, R. I., for plaintiff.

Joseph A. Kelly, Providence, R. I., James J. Longolucco, John J. Adamo, Westerly, R. I., for defendants.

## MEMORANDUM AND ORDER

PETTINE, Chief Judge.

The above-captioned cases deal with a single occurrence, an alleged incident of police misconduct against plaintiff Spencer. In its previous Memorandum and Order in C.A. No. 75–0190, dated December 6, 1976, the Court denied a motion for summary judgment in favor of defendants Galluscio, Chiaradio, and Farago (the Police defendants), rejecting the argument that plaintiff's claim of police brutality was barred by the principles of collateral estoppel because it was decided adversely to him in state court proceedings, *State v. Spencer,* Ind. No. 75–103 (R.I. Superior Ct., Washington County, October 15, 1975). The Court's December 6 Order also dismissed plaintiff's complaint against the Town and its Manager and Finance Director, in their official capacities (the Town defendants), without prejudice to plaintiff's filing a new complaint against those parties. Thereafter, plaintiff did in fact file a new complaint against the Town and its Manager and Finance Director, C.A. No. 77–0032; and he has amended the new complaint so as to substitute John F. Donnoe, the current Town Manager and Finance Director, for Eugene F. Gervasini and Mario Turco, who formerly held those positions.

The Police defendants have now renewed their motion for summary judgment in C.A. No. 75–0190.

The renewed motion for summary judgment must be denied. The only new matters offered in support of the motion are the undisputed fact that the jury in *State v. Spencer* has returned a verdict of guilty against the plaintiff on one count of breaking and entering and the police defendants' representation that plaintiff Spencer, at the trial of *State v. Spencer* was "allowed to introduce any evidence he had relative to the voluntariness of his confession, and police brutality". Assuming for the sake of argument that the police defendants' representation is undisputedly correct in all respects, it presents no basis upon which this Court could depart from its earlier conclusion that there are disputed factual issues in this case that preclude summary judgment. The police defendants' earlier motion for summary judgment on grounds of collateral estoppel was denied because the Superior Court Justice's conclusion that plaintiff's confession was voluntary, reached in ruling on a motion to suppress, obviously did not decide one of the questions before this Court—viz., whether plaintiff was mistreated by defendants after his confession. Similarly, the jury which found plaintiff guilty obviously did not need to consider whether or not defendants beat plaintiff after he confessed. Accordingly, the issue of plaintiff's post-confession treatment remains open and summary judgment for the police defendants must be denied. As indicated in the Court's earlier opinion, the question of whether plaintiff remains free to litigate his claims that he was mistreated before he confessed will be decided if and when plaintiff seeks to introduce evidence in support of such claim. But the Court reminds the parties that plaintiff will be barred from introducing such evidence only if it is certain that the jury necessarily decided the question in reaching its verdict. *See Hadge v. Second Federal Savings and Loan Ass'n of Boston*, 409 F.2d 1254 (1st Cir. 1969); *Moore v.*

*United States*, 120 U.S.App.D.C. 173, 344 F.2d 558 (1965).*

The Court must also deny the motion of the Town defendants to dismiss the amended complaint in No. 77–0032. This motion is based on the theory that because plaintiff failed to make a demand upon the municipality for payment as required by R.I.G.L. § 45–15–9 (1969), before bringing his first action against the Town defendants, he is barred from bringing a second action now that the requirements of § 45–15–9 have been met. It is established in this district that plaintiffs need not exhaust such administrative remedies prior to seeking relief against municipalities under 28 U.S.C. § 1331. *Panzarella v. Boyle*, 406 F.Supp. 787, 794 (D.R.I.1975). In any case, since it is undisputed that the requirements of R.I.G.L. § 45–15–9 have now been met, defendants' contention that a second action is barred is rejected as contrary to the plain meaning of the statute.

Defendants also raise as grounds for dismissal the fact of the pendency of *Spencer v. Town of Westerly*, C.A. No. 75–190. As has already been made clear, however, both the Town and its Manager have been dismissed from that action. Thus, there is now pending one suit (No. 75–0190) against the police officers and a second (No. 77–0032) against the Town. This is a permissible state of affairs. *Compare* Fed.R.Civ.P. 42(a). The Court orders the two cases consolidated for purposes of trial to prevent unnecessary costs or delay to defendants.

Finally, the Town defendants move to dismiss No. 77–0032 for failure to state a claim. While no specific grounds are offered in support of this motion, the Court feels obliged, in view of the uncertain state of the law in this area, to face the question of whether plaintiff's complaint states a claim upon which relief can be granted by a federal court.

---

* Since all parties agree that the trial justice's ruling on the motion to suppress was provisional, and that the voluntariness of the confession question was submitted to the jury, it is apparent that any findings of fact made in the suppression hearing were not final, and hence not binding on this Court under the principles of collateral estoppel. *See Moore v. United States*, 120 U.S.App.D.C. 173, 344 F.2d 558, 559 (1965).

 The complaint states that the claim arises from alleged violations of the fourth, fifth, sixth, eighth and fourteenth amendments by Town officers; for these violations the Town is claimed to be liable as a governmental entity and the Town Manager and Finance Director is claimed to be liable in his official capacity. Jurisdiction is asserted under 28 U.S.C. § 1331 and the Court's pendent jurisdiction. The liability of political subdivisions of the state for constitutional violations is established in this district by *Panzarella v. Boyle*, 406 F.Supp. 787 (D.R.I.1975), in which it was held that a cause of action against such entities for violation of constitutionally protected interests does exist and that such actions may be brought in federal court by virtue of the "federal question" jurisdiction conferred by 28 U.S.C. § 1331. *Id.* at 791–93.

If the complaint in the instant case alleged direct action by the Town and its manager in violation of plaintiff's rights, it would be clear that *Panzarella* would be controlling and that the complaint would state a valid claim of constitutional deprivation for which relief could be granted in this court. The complaint, however, makes it clear that plaintiff is not relying on any claim of a direct violation of his rights by the Town and its Manager, but rather seeks to impose vicarious liability upon them for the alleged acts of some of the Town's police officers, based on a theory of *respondeat superior*.

 To whatever extent the question of municipal immunity from vicarious liability was left open by *Panzarella, see* 406 F.Supp. at 797 n. 14, the Court now holds that a municipality is indeed liable for the unconstitutional actions of its officers. *Accord, Sanabria v. Village of Monticello*, 424 F.Supp. 402, 410–11 (S.D.N.Y.1976); *Collum v. Yurkovich*, 409 F.Supp. 557, 558–59 (N.D. Ill.1975). The Court reaches this position for the persuasive reasons set forth in *Sanabria* and in *Shifrin v. Wilson*, 412 F.Supp. 1282, 1306–08 (D.D.C.1976). The Court also notes that, as a matter of state law, the Rhode Island Supreme Court has abrogated the doctrine of municipal immunity and imposed vicarious liability upon a municipality for the tortious acts of its police officers. *Becker v. Beaudoin*, 106 R.I. 562, 261 A.2d 896 (1970).

In accordance with the foregoing, the Police defendants' motion for summary judgment in C.A. No. 75–0190 is denied, the Town defendants' motion to dismiss C.A. No. 77–0032 is denied, and the cases will be consolidated for trial.

