[No. 7163–1–II.   Division Two.   January 15, 1986.]

BUNCE RENTAL, INC., *Appellant,* v. CLARK EQUIPMENT COMPANY, *Respondent.*

*William Rush,* for appellant.

*William R. Hickman* and *Reed, McClure, Moceri, Thonn & Moriarty,* for respondent.

ALEXANDER, J.—Bunce Rental, Inc., appeals a summary judgment in favor of Clark Equipment Company denying Bunce Rental the right to pursue contribution from Clark Equipment. We affirm.

On May 15, 1979, Larry Sanford was fatally injured while operating a "Bobcat" loader manufactured by Clark Equipment. The loader was owned by Bunce Rental and leased to Hartloff Corp., Sanford's employer. Patricia Sanford (Sanford), Larry's surviving spouse, sued Bunce Rental and Hartloff on November 2, 1979. Sanford later added Clark Equipment as an additional defendant. No cross claims were filed nor were any parties impleaded.

Prior to trial, Clark Equipment moved for summary judgment against the plaintiff, and Sanford did not contest the motion. Bunce Rental, however, did oppose it and filed a memorandum and several affidavits in opposition. Despite Bunce Rental's effort, the court granted Clark Equipment's motion on November 14, 1982, thus dismissing all claims against Clark Equipment with prejudice. The order stated "[t]hat there are no material issues of fact and that the Clark Equipment Company Bobcat as manufactured and sold in this action had no design or manufacturing defects." Following the entry of this order, Bunce Rental presented a

motion for reconsideration of the summary judgment, which was denied. On December 16, 1982, Bunce Rental settled with the plaintiff and the plaintiff's claim against Bunce Rental was dismissed with prejudice.

On March 3, 1983, Bunce Rental brought a separate action seeking contribution from Clark Equipment. Clark Equipment moved for summary judgment claiming that Bunce Rental was foreclosed, as a matter of law, from seeking contribution from Clark Equipment. In considering the motion the trial court reviewed the file from the underlying negligence case, Sanford v. Bunce Rental, et al, and concluded that the case resolved the issue of whether Clark Equipment was liable to Sanford. Accordingly, the court granted the summary judgment motion in favor of Clark Equipment.

Bunce Rental asserts that RCW 4.22.040 provides it with the right to litigate the question of contribution from Clark Equipment in a separate action. We reject this contention, holding that neither RCW 4.22.040(1) nor RCW 4.22.040(2) provide Bunce Rental such a right in the present circumstances. We will discuss subsections (1) and (2) in reverse order.

■ RCW 4.22.040(2) provides, in part:

Contribution is available to a person who enters into a settlement with a claimant only (a) if the liability of the person against whom contribution is sought has been extinguished by the settlement . . .

This section of the statute is in derogation of the common law and therefore must be strictly construed. *See State v. Grant,* 89 Wn.2d 678, 575 P.2d 210 (1978).

We conclude that a strict reading of RCW 4.22.040(2) indicates that Bunce Rental is precluded from obtaining contribution in the present case. We reach this conclusion because the settlement between Bunce Rental and Sanford did *not* extinguish Clark Equipment's liability. The summary judgment secured by Clark Equipment had already extinguished its liability over a month prior to the settlement between Bunce Rental and Sanford. Therefore, we

hold that under the wording of RCW 4.22.040(2), Bunce Rental has no right of contribution.[1]

In addition to being precluded from obtaining contribution by virtue of the language of RCW 4.22.040(2), Bunce Rental's action fails under RCW 4.22.040(1), which provides:

> (1) A right of contribution exists between or among two or more persons who are jointly and severally liable upon the same indivisible claim for the same injury, death or harm, whether or not judgment has been recovered against all or any of them. It may be enforced either in the original action or by a separate action brought for that purpose.

■ According to the plain language of this statute, two parties must be jointly and severally liable in order for the right of contribution to exist. When no liability as to a party exists, there can be no joint and several liability. *Glass v. Stahl Specialty Co.*, 97 Wn.2d 880, 886–87, 652 P.2d 948 (1982). In the present case, Clark Equipment, as a matter of law, has no liability. The summary judgment that was entered in the original cause of action by Sanford established that Clark Equipment is not liable to Sanford.[2]

---

[1] Although Bunce Rental did not raise this argument until oral argument before this court, it asserted that the settlement really did extinguish Clark Equipment's liability because the summary judgment had not done so. This contention is based on the theory that Clark Equipment's liability was unresolved even after the summary judgment because the time for appeal of that judgment had not yet expired at the time of the settlement.

Although Bunce Rental may be correct in its assertion that the time for appealing the summary judgment had not expired, nevertheless, its argument fails. Bunce Rental has cited no authority for the proposition that a judgment does not extinguish liability until the appeals period has run and we can find no authority for such a contention. On the contrary, we believe that the opposite is true. A judgment is the determination by a competent court that a legal duty or liability does or does not exist. *In re Clark*, 24 Wn.2d 105, 110, 163 P.2d 577 (1945). With the entry of the summary judgment in favor of Clark Equipment in Sanford v. Bunce Rental, et al, Clark Equipment's liability ceased to exist. The existence of the right to appeal could not change that determination unless and until the right to appeal is exercised and the appellant prevails.

[2] Bunce Rental argues that the trial court erred because it took notice of the prior summary judgment order during the present action as substantive evidence

Therefore, Bunce Rental may not maintain the present contribution action under RCW 4.22.040(1).

Bunce Rental strenuously argues that RCW 4.22.040(1) allows it to relitigate the issue of Clark Equipment's liability. This contention, however, is erroneous. Allowing Bunce Rental to relitigate an issue previously litigated would contravene the doctrine of collateral estoppel because the elements of that doctrine clearly exist here and preclude the relitigation of the issue in this case.

■ The application of the collateral estoppel doctrine requires the presence of four elements:

(1) identical issues; (2) a final judgment on the merits; (3) the party against whom the plea is asserted must have been a party to or in privity with a party to the prior adjudication; and (4) application of the doctrine must not work an injustice on the party against whom the doctrine is to be applied.

*Malland v. Department of Retirement Sys.,* 103 Wn.2d 484, 489, 694 P.2d 16 (1985).

Each of these elements is present in this case. First, the issue is identical: whether Clark Equipment Company is liable to Patricia Sanford for the death of her husband. Second, the summary judgment order dismissing Clark Equipment was a final judgment. *See Maib v. Maryland Cas. Co.,* 17 Wn.2d 47, 52, 135 P.2d 71 (1943). Third, Bunce Rental was a party to the prior action.[3] Fourth, application

on the question of Clark Equipment's liability. This argument is misguided. The court read the prior order to ascertain whether the order was a bar to relitigation of the issue of Clark Equipment's liability. When collateral estoppel has been asserted, the record of the prior action must be before the trial court so that it may determine whether the doctrine precludes litigation of the issue before the court. *Beagles v. Seattle–First Nat'l Bank,* 25 Wn. App. 925, 932, 610 P.2d 962 (1980).

[3]Bunce Rental asserts that requirement 3 has not been met because Clark Equipment and Bunce Rental were codefendants and not adverse parties in the prior action. Bunce Rental cites *Snyder v. Marken,* 116 Wash. 270, 199 P. 302, 22 A.L.R. 1272 (1921) in support of its position. The holding in *Snyder,* however, was based on the doctrine of mutuality, which no longer applies in Washington. *Lucas v. Velikanje,* 2 Wn. App. 888, 471 P.2d 103 (1970); *Kyreacos v. Smith,* 89 Wn.2d 425, 572 P.2d 723 (1977). The party asserting the doctrine of collateral estoppel

of collateral estoppel does not work an injustice because Bunce Rental had a full and fair opportunity to litigate the issue of Clark Equipment's liability in the prior action. *See Seattle–First Nat'l Bank v. Cannon,* 26 Wn. App. 922, 927, 615 P.2d 1316 (1980); *Beagles v. Seattle–First Nat'l Bank,* 25 Wn. App. 925, 929, 610 P.2d 962 (1980). Bunce Rental submitted a memorandum and affidavits, argued orally against the motion, and presented a motion for reconsideration. The issues in this case were actually litigated.

We believe that all of the elements of collateral estoppel have been shown. Bunce Rental, therefore, cannot be allowed to relitigate the issue of Clark Equipment's liability.

Accordingly, we affirm.

WORSWICK, C.J., and PETRICH, J., concur.

need not have been in an adverse relationship in the prior action to the party against whom the bar of collateral estoppel is sought so long as that party had an opportunity to fully and fairly present its case and will not be deprived of due process of law by application of the doctrine. *Simpson Timber Co. v. Aetna Cas. & Sur. Co.,* 19 Wn. App. 535, 540, 576 P.2d 437 (1978).