[No. 8537–6–III. Division Three. December 17, 1987.]

Cʜᴇʀʏʟᴇ L. Fʀᴀɴᴋʟɪɴ, *Respondent*, v. Kᴇɴɴᴇᴛʜ Kʟᴜɴᴅᴛ, *Appellant*.

*Donald W. Schacht, Prosecuting Attorney,* and *James Nagle, Deputy,* for appellant.

*Andrea Butaud,* for respondent.

THOMPSON, A.C.J.— Kenneth Klundt, Walla Walla County Sheriff, appeals the trial court order requiring the return of a vehicle seized by the sheriff's office. We affirm.

On April 14, 1986, at approximately 4 p.m., Cheryle Franklin was served with a search warrant as she arrived at the waiting area of the Washington State Penitentiary for a visit with her husband. Following presentation of the warrant, Mrs. Franklin handed the correctional officers a balloon filled with marijuana.

Mrs. Franklin was charged with possession of marijuana with intent to deliver, RCW 69.50.401(a)(1)(ii), her car was seized, and she was served with notice of forfeiture pursuant to RCW 69.50.505. On July 9, 1986, Mrs. Franklin filed a complaint asking for the return of her motor vehicle. Following a forfeiture hearing, Mrs. Franklin's motion to suppress the marijuana seized was denied. Thereafter, on Mrs. Franklin's motions for reconsideration and summary judgment, the court ordered her automobile returned based on the improper issuance of a search warrant.

The search warrant was based on an affidavit reciting information received from a "confidential citizen informant". Prior to the hearing on the forfeiture action, a Walla Walla superior court judge denied a motion to suppress evidence in the criminal possession case, ruling the search warrant was valid. That ruling was reversed by the Court of Appeals on the basis the search warrant failed for lack of probable cause, particularly for lack of an adequate showing of veracity of the hearsay informant. *State v. Franklin,* 49 Wn. App. 106, 741 P.2d 83, *review denied,* 109 Wn.2d 1018 (1987).

■ The first issue is whether the information provided by the undisclosed citizen informant will support a finding of sufficient basis of knowledge of the hearsay informant. A forfeiture proceeding under RCW 69.50.505 is quasi criminal in nature and the Fourth Amendment exclusionary rule applies, precluding the use of illegally obtained evidence to sustain the forfeiture. *Deeter v. Smith,* 106 Wn.2d 376, 378, 721 P.2d 519 (1986); *One 1958 Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 700–02, 14 L. Ed. 2d 170, 85 S. Ct. 1246 (1965). At the forfeiture hearing, Mrs. Franklin's attorney moved to suppress the marijuana based on an assertion the contraband was seized pursuant to a search warrant issued without probable cause—the same legal argument presented during the suppression hearing in the prior criminal trial under RCW 69.50.401(a)(1)(ii) regarding the same search warrant.

Both an informant's credibility and basis of knowledge must be established in order to evaluate the existence of probable cause when an informant's tip is the source of information supporting a search warrant. *State v. Jackson,* 102 Wn.2d 432, 433, 688 P.2d 136 (1984); *Spinelli v. United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969); *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964). If the informant's tip fails under either or both of the prongs, independent police investigation corroborating the tip "to such an extent that it supports the missing elements of the *Aguilar–Spinelli* test" may yet establish probable cause. *State v. Jackson, supra* at 438. Independent investigations must point to ""*probative indications of criminal activity . . .*'", however, and not merely innocuous details. *Jackson,* at 438 (quoting *United States v. Canieso,* 470 F.2d 1224, 1231 (2d Cir. 1972)).

In *State v. Franklin, supra,* this court examined the affidavit in support of the search warrant and concluded it did not contain sufficient information to establish the credibility of the informant. Because we determined in *Franklin* neither the affidavit nor independent police investigation established the credibility of the citizen informant, it is

unnecessary to address the second prong—basis of knowledge. The search warrant failed for lack of probable cause.

We are next asked to determine whether relitigating the suppression issue in the forfeiture proceeding was barred by collateral estoppel since in the prior criminal proceeding another judge ruled the evidence admissible. Collateral estoppel, or issue preclusion, seeks to prevent relitigation of previously determined issues between the same parties. *Malland v. Department of Retirement Sys.*, 103 Wn.2d 484, 489, 694 P.2d 16 (1985); *State v. Dupard*, 93 Wn.2d 268, 609 P.2d 961 (1980); Trautman, *Claim and Issue Preclusion in Civil Litigation in Washington*, 60 Wash. L. Rev. 805, 829 (1985). Requirements for application of collateral estoppel include: (1) identical issues; (2) a final judgment on the merits; (3) the party against whom the plea is asserted must have been a party to or in privity with a party to the prior adjudication; and (4) application of the doctrine must not work an injustice on the party against whom the doctrine is to be applied. *Malland*, at 489; *Rains v. State*, 100 Wn.2d 660, 674 P.2d 165 (1983). Generally, issues clearly decided against a defendant in a criminal action may be asserted on the basis of collateral estoppel in a later civil action. J. Friedenthal, M. Kane & A. Miller, *Civil Procedure* § 14.10, at 665 (1985); *Roshak v. Leathers*, 277 Or. 207, 560 P.2d 275 (1977).

So long as a prior ruling on a motion to suppress was not provisional under state law, was definitive, and represented a final adjudication of rights, it may be granted collateral estoppel effect. *See Bull v. Fenich*, 34 Wn. App. 435, 439, 661 P.2d 1012, *review denied*, 100 Wn.2d 1003 (1983); *Spencer v. Westerly*, 430 F. Supp. 636 (D.R.I. 1977); J. Friedenthal, M. Kane & A. Miller § 14.9, at 659. Since the doctrine of mutuality no longer applies in Washington, *Kyreacos v. Smith*, 89 Wn.2d 425, 428, 572 P.2d 723 (1977), the party asserting collateral estoppel need not have been in an adverse relationship in the prior action to the party against whom the bar is sought, if that party had an adequate opportunity to litigate and would not be deprived of

14

due process. *Bunce Rental, Inc. v. Clark Equip. Co.,* 42 Wn. App. 644, 648 n.3, 713 P.2d 128 (1986); *Simpson Timber Co. v. Aetna Cas. & Sur. Co.,* 19 Wn. App. 535, 540, 576 P.2d 437 (1978).

 As a general rule collateral estoppel operates without regard to whether the first determination of a particular issue was correct, J. Friedenthal, M. Kane & A. Miller § 14.9, at 658, and can apply to preclude relitigation of both issues of law and issues of fact if those issues were conclusively determined in a prior action. *United States v. Stauffer Chem. Co.,* 464 U.S. 165, 78 L. Ed. 2d 388, 104 S. Ct. 575, 578 (1984); *United States v. Mendoza,* 464 U.S. 154, 78 L. Ed. 2d 379, 104 S. Ct. 568 (1984). However, a recognized exception to the applicability of collateral estoppel has been established for "unmixed questions of law" arising in successive actions involving substantially unrelated claims. *Montana v. United States,* 440 U.S. 147, 162, 59 L. Ed. 2d 210, 99 S. Ct. 970, 978 (1979) (quoting *United States v. Moser,* 266 U.S. 236, 242, 69 L. Ed. 262, 45 S. Ct. 66, 67 (1924)). The principle has been set forth as follows:

> "Where a question of law essential to the judgment is actually litigated and determined by a valid and final personal judgment, the determination is not conclusive between the parties in a subsequent action on a different cause of action, except where both causes of action arose out of the same subject matter or transaction; and in any event it is not conclusive if injustice would result."

Annot., *Modern Status of Doctrine of Res Judicata in Criminal Cases,* 9 A.L.R.3d 203, 237 (1966) (quoting Restatement of Judgments § 70 (1942)). Although this rule has not been applied with particular consistency, *see* J. Friedenthal, M. Kane & A. Miller § 14.10, at 667, and *United States v. Stauffer Chem. Co., supra; Gaitan v. United States,* 295 F.2d 277 (10th Cir. 1961), *cert. denied,* 369 U.S. 857, 8 L. Ed. 2d 15, 82 S. Ct. 939 (1962), it could be argued injustice would result if a subsequent ruling on

an issue was controlled by a clearly erroneous prior determination on a purely legal question of probable cause.[1]

Finally, the principles of collateral estoppel will apply only if the court in the prior determination fully considered the evidence and applied the correct law. *State v. Frederick,* 100 Wn.2d 550, 559, 674 P.2d 136 (1983). Here, the facts and law on the issue of suppression were identical except for the testimony of the affiant officer during the forfeiture hearing. Since we held the trial court's suppression ruling was erroneous in *State v. Franklin, supra,* we are persuaded application of the principles of collateral estoppel should be rejected.

Affirmed.

MUNSON, J., concurs.

GREEN, J. (concurring)—In light of the denial of a petition for review in *State v. Franklin,* 49 Wn. App. 106, 741 P.2d 83, *review denied,* 109 Wn.2d 1018 (1987), I am constrained to concur. I am still of the view that the majority decision in the instant case, as well as the prior decision, has virtually eliminated the difference between identified and unidentified citizen informants.

---

[1]Where the facts are undisputed, a probable cause determination becomes a question of law. *State v. Byers,* 85 Wn.2d 783, 786, 539 P.2d 833 (1975), *rev'd on other grounds,* 88 Wn.2d 1, 559 P.2d 1334 (1977); *Eberhart v. Murphy,* 113 Wash. 449, 194 P. 415 (1920); *see also Noel v. King Cy.,* 48 Wn. App. 227, 235, 738 P.2d 692 (1987); *Daniel v. State,* 36 Wn. App. 59, 62, 671 P.2d 802 (1983).