[No. 19393–7–I.   Division One.   February 1, 1988.]

FREDERICK R. HAYES, ET AL, *Appellants,* v. FAR WEST SERVICES, INC., ET AL, *Defendants,* TORBENSON, THATCHER, MCGRATH, TREADWELL & SCHOONMAKER, INC., P.S., *Respondent.*

*Michael E. Withey* and *Schroeter, Goldmark & Bender,* for appellants.

*John Patrick Cook* and *Lee, Smart, Cook, Martin & Patterson,* for respondent.

WILLIAMS, J.—Frederick Hayes and Judy Frounfelter brought suit for damages against Thomas McGrath and his former law firm, Torbenson, Thatcher, McGrath, Treadwell & Schoonmaker, Inc., P.S., for injuries arising out of McGrath's shooting of Hayes. On motion for summary judgment, the trial court dismissed the firm as a defendant. Hayes appeals.

The facts are these: at approximately 4:30 p.m. on February 11, 1980, McGrath went to a restaurant/cocktail establishment in Kirkland. From then until about 11 o'clock, he imbibed considerable alcohol while socializing and discussing personal and firm–related business. After 11 o'clock, McGrath continued to socialize until approximately 1:45 a.m., when he and Hayes, another bar patron, exchanged words. Shortly thereafter, the two encountered each other outside, and after another exchange, McGrath shot Hayes in what he claims was self–defense. Frounfelter, who was in the company of Hayes, is alleged to have sustained emotional trauma.

The basic question is whether the law firm is liable on the theory of respondeat superior for damages arising out of McGrath's shooting of Hayes. The basic rule is stated in *Kuehn v. White,* 24 Wn. App. 274, 277, 600 P.2d 679 (1979):

> A master is responsible for the servant's acts under the doctrine of respondeat superior when the servant acts within the scope of his or her employment and in furtherance of the master's business. Where a servant steps aside from the master's business in order to effect some purpose of his own, the master is not liable.

*See also Kyreacos v. Smith,* 89 Wn.2d 425, 429, 572 P.2d 723 (1977); *Westerland v. Argonaut Grill,* 185 Wash. 411, 55 P.2d 819 (1936).

Under the traditional interpretation of respondeat superior, there is not sufficient evidence to establish liability on the part of the law firm. Viewing the evidence in a light most favorable to the nonmoving parties, Hayes and Frounfelter, as we must, there is nothing to indicate either directly or by inference that McGrath was acting in the scope of his employment when he shot Hayes. There is no evidence McGrath transacted firm business or engaged in any promotional activities anytime after 11 p.m.

But in *Dickinson v. Edwards,* 105 Wn.2d 457, 716 P.2d 814 (1986), the Supreme Court extended the doctrine of respondeat superior, allowing a plaintiff to recover from a banquet–hosting employer if the following prima facie case is proven:

1. The employee consumed alcohol at a party hosted by the employer which was held to further the employer's interest in some way and at which the employee's presence was requested or impliedly or expressly required by the employer.

2. The employee negligently consumed alcohol to the point of intoxication when he knew or should have known he would need to operate a vehicle on some public highway upon leaving the banquet.

3. The employee caused the accident while driving from the banquet.

4. The proximate cause of the accident, the intoxication, occurred at the time the employee negligently consumed the alcohol.

5. Since this banquet was beneficial to the employer who impliedly or expressly required the employee's attendance, the employee negligently consumed this alcohol during the scope of his employment.

*Dickinson,* at 468. Appellants, citing *Dickinson v. Edwards, supra,* argue that McGrath's firm is liable under respondeat superior because McGrath negligently became intoxicated while acting within the scope of his employment, and his intoxication was the proximate cause of the shooting.

■ The decision in *Dickinson v. Edwards, supra,* is based on *Chastain v. Litton Sys., Inc.,* 694 F.2d 957 (4th Cir. 1982). That case employed essentially a 3–prong analysis: (1) was the employee's consumption of alcohol within the scope of employment, (2) did the employee's consumption of alcohol while within the scope of employment constitute negligence, and (3) did the negligent intoxication continue until the time of the incident and constitute a proximate cause of the injuries. *Chastain,* at 962; *see also Childers v. Shasta Livestock Auction Yard, Inc.,* __ Cal. App. 3d __, 235 Cal. Rptr. 641 (1987).

Under this formulation of the rule, there is sufficient evidence to present a jury question as to whether McGrath was acting within the scope of his employment when he consumed alcohol. Prior to 8:30 p.m., McGrath met with several acquaintances, including a friend from an insurance company he had been trying to secure as a client for the firm for some time; McGrath later submitted a charge slip marked "Entertainment" to his firm for bar purchases while with the friend. From about 8:30 p.m. to 11 p.m., McGrath discussed settlement possibilities with opposing counsel on a bankruptcy case he was handling for his firm; McGrath's firm subsequently billed their client in the bankruptcy for 2.7 hours for that settlement conference. Moreover, McGrath's activities appear consistent with his firm's policies; members were encouraged to engage in promotional activities, and the firm gave partners such as McGrath considerable discretion in billing for expenses, as evidenced by the numerous reimbursements made to McGrath for his business and entertainment expenditures.

There is also sufficient evidence to present a jury question as to whether McGrath consumed alcohol to the point of intoxication while within the scope of his employment. McGrath admitted to having several drinks prior to 11 p.m., and Hayes and several others said McGrath appeared intoxicated before the shooting.

But there is nothing in the record to show that Mc-Grath's consumption of alcohol was negligent. Negligence necessarily involves a foreseeable risk; if an actor could not reasonably foresee any injury as the result of his act, there is no negligence and no liability. *Hunsley v. Giard,* 87 Wn.2d 424, 435, 553 P.2d 1096 (1976). In *Dickinson v. Edwards, supra,* negligence was defined in terms of whether the employee knew or should have known he would be operating a motor vehicle on a public highway upon leaving the banquet. Because the employee had driven to the banquet, it was foreseeable that he would have to drive away, and the risks of driving while intoxicated are well recognized. Such a situation is far removed from the particulars of this case. There is no evidence to suggest McGrath knew or should have known that his drinking would lead to his becoming involved in an altercation that would result in his firing a gun at another bar patron; nothing in the record shows that the cocktail lounge was a frequent scene of such incidents or that its patrons were known to be confrontational, or that when intoxicated, McGrath became violent or had ever drawn a gun. Accordingly, there is not sufficient evidence to establish liability on the part of the law firm under the application of respondeat superior set forth in *Dickinson v. Edwards, supra.*

The remaining arguments are insubstantial. The notion of "enterprise liability" was specifically rejected by the court in *Kuehn v. White,* 24 Wn. App. at 279–80, and no subsequent cases have indicated otherwise. Nothing in the record supports a finding of liability based on either a theory of negligent retention and supervision or a duty to control because of a "special relation" between McGrath and his firm. And finally, the court did not err in striking certain materials submitted by the appellants, nor was its denial of their motion for continuance an abuse of discretion.

Affirmed.

GROSSE, J., and REVELLE, J. Pro Tem., concur.

Review denied by Supreme Court May 31, 1988.