Kenneth Raymond ABRAMSON, Petitioner-Appellant,

v.

M. Jerry GRIFFIN, Respondent-Appellee.

No. 81–1231.

United States Court of Appeals, Tenth Circuit.

Dec. 1, 1982.

Tova Indritz, Asst. Federal Public Defender, Albuquerque, N.M., for petitioner-appellant.

Michael Sanchez, Asst. Atty. Gen., Santa Fe, N.M. (Jeff Bingaman, Atty. Gen., and Eddie Michael Gallegos, Asst. Atty. Gen., Santa Fe, N.M., on the brief), for defendant-appellee.

---

* Honorable George Templar, Senior District Judge, District of Kansas, sitting by designa-

Before DOYLE and McKAY, Circuit Judges, and TEMPLAR *, Senior District Judge.

WILLIAM E. DOYLE, Circuit Judge.

Petitioner seeks relief from a state court conviction in which the information charged an aggravated assault on a police officer contrary to New Mexico Statutes Annotated, 30–22–22. The evidence in the case established that on April 13, 1978, officers of the Albuquerque Police Department were involved in a high speed chase with a green Mustang automobile. In the final stage of the chase, the police car and the Mustang came face to face. The Mustang car had its headlights shining directly at the front of the police car, as a result of which neither the officer nor his civilian passenger could identify the driver of the Mustang. The Mustang drove forward, hit the police car and rolled back. Then when the officer got out of the police car, the Mustang drove toward him, forcing him to jump out of the way, and then drove off.

Later that morning the police discovered the Mustang and ascertained that it was owned by the defendant. The police went to the defendant's apartment and after knocking and receiving no answer, entered the apartment using a key obtained by the apartment manager. The police did not have a search warrant or an arrest warrant. After entering the apartment the police discovered that they had an outstanding misdemeanor warrant naming defendant and they arrested him.

While the defendant was at the jail, an officer told him that his alibi had been checked out and was found to be false. He advised the defendant of his rights and defendant admitted to participating in the activity for which he was subsequently charged.

The initial charges against the defendant were that he eluded a police officer, drove recklessly and caused accidents which in-

tion.

volved damage to a vehicle, that is, the police car, in violation of City of Albuquerque Ordinances, Traffic Code §§ 4.22a, 4.13 and 5.2, respectively. The trial on these charges was held in the Albuquerque Municipal Court. The defendant moved to suppress certain post-arrest statements and this motion was granted.

There was not a record made in the municipal court trial. However, there is evidence that both the prosecutor and the defendant called witnesses. The municipal trial judge dismissed the three traffic charges against the defendant. The judge's rulings, which make up the entire record from that proceeding, were written on the traffic tickets themselves. On one ticket the Municipal judge wrote:

1. Statements suppressed as taken in violation of Const[itution].

2. Therefore case dismissed at close of City's case. /s/ E. Love. 11–3–78. Dismissed.

On the second one was written:

1. Statement suppressed as violative of Const[itutional] R[igh]ts.

2. Therefore case dismissed at conclusion of city's case as to all charges. Dismissed /s/ E. Love. 11–3–78.

The last ticket merely stated that the case was dismissed and the ticket was signed and dated by the judge.

Subsequently charges were brought against defendant in the state district court for aggravated assault on a peace officer, stemming from the same incident as the city charges. Defendant's statements, suppressed at the municipal proceedings, were admitted into evidence over objections. As indicated above, the defendant was convicted in the district court of the felony charge. Defendant appealed his conviction to the New Mexico Court of Appeals on the ground that the state was collaterally estopped from attempting to prove that he was the driver of the car used in the assault when it had tried and failed to prove this same issue in the municipal court. The court of appeals affirmed the conviction. The New Mexico Supreme Court denied defendant's petition for writ of certiorari.

Defendant petitioned for writ of habeas corpus from the United States District Court. The United States Magistrate found exhaustion of state remedies and recommended that the petition be dismissed with prejudice. Over defendant's objections Judge Payne adopted the findings of the Magistrate and dismissed the petition with prejudice. Following filing of the notice of appeal, Judge Payne issued a certificate of probable cause.

Defendant's argument is that the City of Albuquerque, as the entity which brought the misdemeanor charges against him, is an adjunct to the State of New Mexico, which brought felony charges against him growing out of the same set of facts. He contends that they are the same sovereign for collateral estoppel purposes. His contention is that the doctrine of collateral estoppel operates to preclude New Mexico's attempt to prove an issue already litigated in defendant's favor, namely, the identity of the defendant as the driver of the automobile involved in the incident with the police. This, he maintains, is one transaction, and he was twice tried on the same issue, and thus, there is a violation of the Fifth Amendment.

In *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), the Supreme Court held that the double jeopardy protection of the Fifth Amendment to the United States Constitution was applicable to the states. In *Waller v. Florida,* 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), the scope of the Fifth Amendment protection was held to preclude recognition of dual sovereignty relative to separate state and municipal prosecutions. The Supreme Court recognized that political subdivisions of a state are not to be considered as sovereign entities. These subdivisions have been regarded as subordinate governmental instrumentalities created by the state to assist in running the state government. The language of the Court in *Waller* is as follows:

* * * [W]e hold that on the basis of the facts upon which the Florida District

Court of Appeal relied petitioner could not lawfully be tried both by the municipal government and by the State of Florida. In this context a "dual sovereignty" theory is an anachronism, and the second trial constituted double jeopardy violative of the Fifth and Fourteenth Amendments to the United States Constitution.

397 U.S. at 394–395, 90 S.Ct. at 1188.

The Supreme Court's decision in *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), ruled in circumstances not dissimilar from those here that collateral estoppel is an integral part of the concept of double jeopardy. The holding was that where an issue of ultimate fact has been determined by a valid and final judgment in a criminal case, to relitigate the issue in any subsequent trial between the same parties violates the double jeopardy prohibition. The opinion laid down guidelines applicable to the rule of collateral estoppel. An important point which the Court made was that collateral estoppel is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality. Thus, the Court continued, where a previous judgment of acquittal was based upon a general verdict, this approach requires a court to " 'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.' " *Id.* at 444, 90 S.Ct. at 1194 quoting from Mayers & Yarbrough, Bix Vexari: New Trials and Successive Prosecutions, 74 Harv.L.Rev. 1, 38–39. The Court concluded in an opinion by Mr. Justice Stewart, "The inquiry 'must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings.' *Sealfon v. United States,* 332 U.S. 575, 579 [68 S.Ct. 237, 240, 92 L.Ed. 180]." *Id.* 397 U.S. at 444, 90 S.Ct. at 1194.

As in this case, the factual issue in dispute in *Ashe* was identity of the defendant; was he the same individual who had been previously tried. But it will be recalled that at the trial of the traffic charges the judge suppressed the evidence based upon the admissions which were made by the defendant to the officer. The judge ruled that these admissions had been given in violation of the Constitutional rights of the defendant. As a result, the cases were dismissed. It will be recalled that the defendant acknowledged in the suppressed admission that he was driving the car. It seems very likely that this was evidence that was suppressed as being in violation of the Constitution. Inasmuch as there was adjudication in the municipal court trial on the issue of identification of the defendant we are unable to agree that this same issue can be retried. Whereas here the identical evidence which was suppressed in the municipal court was offered in the state proceeding as crucial evidence as to the identity of the accused, it is our view that the ruling in *Ashe* should be and it is fully applicable. *Cf. Moore v. United States,* 344 F.2d 558 (D.C.Cir.1965), and see *Holloway v. State,* 14 Md.App. 703, 288 A.2d 652 (1972). In *Holloway,* there was an incomplete record from the municipal court hearing, as there is here. Holloway raised a collateral estoppel argument at which he alleged that the issues were resolved by the acquittal at the first municipal case and therefore, these issues could not be heard again. The court rejected the argument, however, since the record presented to the court did not establish that "the issue decided in the Municipal Court, whatever it may have been, was conclusive as to the offense in the trial before the Criminal Court of Baltimore * * Holloway did not produce sufficient evidence to support his motion to dismiss and such evidence did not otherwise get into the record." 288 A.2d at 659, footnote omitted. In the case at bar, however, identity was the essential issue in the case. There can be little doubt that the defendant here was the identical person who assaulted the officer with his car. However, it is not possible to hold him responsible under that charge in view of the fact that the issue has been determined previously. But the evidence was suppressed for failure to comply with Constitutional standards.

The judgment is reversed and the cause remanded with directions to the trial court to dismiss the case.