IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STEVEN P. KOZOL, | ) | |
| | ) | No. 33163-6-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WASHINGTON STATE DEPARTMENT | ) | UNPUBLISHED OPINION |
| OF CORRECTIONS, | ) | |
| | ) | |
| Respondents. | ) | |

KORSMO, J. — Steven Kozol concocted a scheme in prison to make money off the Public Records Act (PRA) with a former inmate who was out of prison. When the trial court dismissed his action on show cause, he appealed to this court. We affirm.

## FACTS

Mr. Kozol communicated with Aaron Leigh concerning a method of filing vague PRA requests for documents that they knew the Department of Corrections (DOC) did not maintain and then win awards for the failure of DOC to comply with the request. In accordance with that plan, Mr. Kozol sent 31[1] separate PRA requests to DOC, each

---

[1] Although only 29 of these appear in the record, there is no dispute that there were in fact 31, and all subsequent correspondence shows requests for 31 specific grievance numbers.

requesting "any and all records for inmate/offender grievance # []. This includes the original complaint form." DOC received the requests and five business days later responded with an outline of expected production dates in early April, 2012. Pursuant to that schedule DOC responded individually to each of Mr. Kozol's requests. While DOC staff were unable to locate any records on one of the requests (request number PDU-18880), they did produce, with some redactions, files on the other 30 grievances, including copies of the original grievance forms.

Between March 25 and July 12, 2013, Mr. Kozol and DOC exchanged a series of letters in which Mr. Kozol accused DOC of silently withholding responsive records, while DOC asked for proof of withholdings, and ultimately declined to provide any additional records.[2] Then again on November 22, 2013, Mr. Kozol sent a letter to DOC demanding the production of all "silently withheld responsive records" pertaining to these and other PRA requests. He then filed suit on December 11, 2013 in Spokane County, vaguely alleging a large number of non-specific PRA violations.

The primary substance of his claims was that DOC failed to adequately respond to his requests because it omitted the back side of all of the grievance forms, and that it violated the PRA by failing to disclose any responsive documents on PDU-18880. The

_____

[2] These letters are not in the record on appeal, and so their content is not clear. They are vaguely described in Mr. Kozol's complaint, while in its answer the DOC admits their existence and asserts that their content speaks for itself.

grievance forms at issue are two sided, containing space to write the substance of the grievance on the front, with some instructional information on the back. Since the back side contains only instructions, DOC does not retain copies of the back sides when the grievance is scanned into its records system.

During discovery, the DOC located and disclosed the grievance records responsive to request PDU-18880. DOC had originally failed to locate the grievance after searching its grievance database and contacting the statewide grievance coordinator. However, the grievance had never been logged in either place, but was located at the Airway Heights Corrections Center.

DOC filed a show cause motion to dismiss, arguing that it had produced all records, had performed an adequate search for PDU-18880, and that the litigation was untimely. Mr. Kozol moved for a continuance to pursue more discovery and moved to strike his communications with Mr. Leigh from the record. The trial court denied Mr. Kozol's motions and granted the show cause motion to dismiss on the bases that DOC had provided most records and had performed an adequate search for PDU-18880. Mr. Kozol then timely appealed to this court.

ANALYSIS

Although the briefing raises several claims, we need only address two of them. The two issues we address are whether the court erred in denying the continuance and

whether the trial court correctly dismissed the action.[3] We address those two concerns in the stated order.

*Continuance*

CR 56(f) allows the trial court to order a continuance to allow further discovery where it appears that the responding party, for good reason, cannot present facts essential to its opposition to the motion. Review of a denial of a motion under CR 56(f) is for abuse of discretion. *Tellevik v. 31641 W. Rutherford St.*, 120 Wn.2d 68, 90, 838 P.2d 111 (1992). A court may deny such a motion where (1) the requesting party fails to offer a good reason for the delay, (2) the requesting party does not state what evidence is desired, or (3) the desired evidence will not raise a genuine issue of material fact. *Id.* Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

Mr. Kozol argues that the continuance should have been granted to allow him to discover if DOC used the back of the forms in any manner. His argument is not responsive to the standards of CR 56(f) because the discovery would not have raised any issues of genuine material fact concerning DOC's compliance with the PRA. The

---

[3] We do not reach the question of whether this action was timely filed. The motion to strike is moot as those materials did not play a role in the trial court's decision to grant the dismissal motion. Mr. Kozol also seeks attorney fees in this action. However, since he is proceeding pro se, he could not have received attorney fees even if he had prevailed. *West v. Thurston County*, 168 Wn. App. 162, 194-195, 275 P.3d 1200 (2012); *Mitchell v. Dep't of Corrs.*, 164 Wn. App. 597, 608, 260 P.3d 249 (2011).

questions presented by the show cause motion were whether DOC had provided what it was supposed to provide and whether it looked hard enough for the document that was belatedly provided. Whether or how the back of the grievance forms had been used when they existed was not a matter of consequence to the motion.

Mr. Kozol failed to present a valid reason for continuing the show cause motion. Thus, the court had a very tenable reason for denying the motion. There was no abuse of discretion.

*Show Cause Ruling*

Mr. Kozol argues that the court erred in granting the show cause motion, contending primarily[4] that DOC withheld records by not turning over the back side of the grievance forms and that the belated production of PDU-18880 proved that DOC was in violation of the PRA. His initial argument misconstrues what is a public record and the second ignores the rules concerning review of missing records.

Appellate review of a PRA case is de novo. RCW 42.56.550(3); *City of Fed. Way v. Koenig*, 167 Wn.2d 341, 344, 217 P.3d 1172 (2009). Judicial review of PRA disputes typically is by way of a show cause hearing. RCW 42.56.550(1).

---

[4] Mr. Kozol also presents other arguments that are not germane to the trial court's ruling and will not be addressed.

5

The PRA is a broadly worded mandate for disclosure of state government records. To that end, the final paragraph of RCW 42.17A.001 declares in part that the provisions of Initiative 276 "shall be liberally construed to promote . . . full access to public records." Government agencies must make their records available for inspection and copying. RCW 42.56.070. A "public record" is broadly defined as "any writing containing information relating to the conduct of government." RCW 42.56.010(3).

However, whether or not a record should exist is a different question than whether it does exist. The PRA only requires that access be granted to existent records, not nonexistent records that one believes should exist. *Sperr v. City of Spokane*, 123 Wn. App. 132, 136-137, 96 P.3d 1012 (2004). While Mr. Kozol believes that the back side of the original grievance form should exist, DOC proved otherwise. As DOC produced the only part of the specified grievance forms that still existed, it complied with the dictates of the PRA. There can be no silent withholding of a document that no longer exists. The trial court correctly concluded that there was no violation of the PRA.

The remaining issue is whether DOC violated the PRA by its late disclosure of PDU-18880. DOC did not originally produce the record because it could not find it. The agency looked in the places where the grievance was supposed to be found. When an agency does not find a record that should exist, the question for review is whether or not the search was adequate. *Neighborhood All. of Spokane County v. County of Spokane*,

6

172 Wn.2d 702, 719-720, 261 P.3d 119 (2011). The agency must look in the place where the record "is reasonably likely to be found." *Id.* at 720.

We agree with the trial court that the search here was adequate. The grievance forms are supposed to be scanned into the grievance records system and then destroyed. The public disclosure officer for DOC checked the records system and then, when there was no record for the grievance, contacted the statewide grievance coordinator to determine if the record was located elsewhere. Neither officer knew of another location where it would likely find the missing grievance.

The fact that the record eventually was found does not establish that the agency's search was not adequate. *Id.* at 719. Instead, the question is whether the search was "reasonably calculated to uncover all relevant documents." *Id.* at 720. That was the case here. The records officer checked the records system. When that proved unavailing, the records officer checked with the statewide coordinator who likewise could not find it anywhere. Neither official knew where else it could be located. A reasonable search need neither be exhaustive or successful.

We agree with the trial court that DOC looked in all the places the record should have been. Nothing more was required of it.

7

No. 33163-6-III
*Kozol v. Wash. State Dep't of Corrs.*

The judgment is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Lawrence-Berrey, J.

8