IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STEVEN P. KOZOL, | ) | |
| | ) | No. 32596-2-III |
| Appellant, | ) | (consolidated with |
| | ) | No. 32643-8-III) |
| v. | ) | |
| | ) | |
| WASHINGTON STATE DEPARTMENT | ) | |
| OF CORRECTIONS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

SIDDOWAY, J. — In this consolidated appeal, Steven Kozol challenges the

dismissal of two actions he filed under the Public Records Act (PRA), chapter 42.56

RCW. He complains that the Department of Corrections (DOC) failed to produce copies

of the back side of a document that it electronically preserved in part, but then destroyed

before realizing that Mr. Kozol viewed the unpreserved portion as responsive to his

public record requests. We affirm the dismissal of both actions.

FACTS AND PROCEDURAL BACKGROUND

On April 15, 2011, Steve Kozol submitted 22 requests for records to the DOC

"pursuant to the PRA." Clerk's Papers (CP) at 140, 630-50. Each request sought "any

and all records" for a different offender grievance, by grievance number, adding, "This

includes the original complaint form." *Id.* Upon receipt, the DOC forwarded the requests to the Washington State Penitentiary's grievance coordinator to gather responsive documents. Within a week of Mr. Kozol's request the DOC responded to him, indicating that the requests had been assigned tracking numbers from PDU 15229 to PDU 15250 and that he would receive a response to his requests by June 28.

The DOC's grievance form, entitled "Offender Complaint," appears on the front side of a grievance form/instruction document. DOC's internal designation for the document is DOC 05-165. Appearing on the back side of DOC 05-165 are preprinted instructions on how to complete the form, along with a checklist for the information that should be provided. The grievance coordinator located the complaint forms requested by Mr. Kozol and e-mailed scanned copies back to the DOC. The instructions on the back sides of the DOC 05-165 documents, which the DOC does not consider part of the grievance form, were not scanned or provided.

On or before its promised June 28 response date, the DOC sent Mr. Kozol a total of 22 letters, one for each PRA request, notifying him that the responsive documents located would be provided to him upon payment of the costs of postage and the CD on which each had been stored.[1] The DOC later complied with Mr. Kozol's revised request that it e-mail him the documents.

---

[1] Mr. Kozol's requests had asked that the DOC "[p]lease provide these records in electronic format on CD." CP at 140, 630-50.

2

On April 11, 2012, Mr. Kozol commenced the first of the two PRA actions in Walla Walla County that are consolidated in this appeal.[2] His complaint alleged he had submitted a PRA request to which the DOC had "failed to respond within the terms and timeframes of the PRA." CP at 4. He further alleged that he had "personal knowledge that there are additional public records that Defendant is not identifying or producing, constituting a 'silent withholding', in violation of RCW 42.56 et. seq." *Id.* When the DOC requested a more definite statement, Mr. Kozol filed an amended complaint that identified PDU-15229 as the request at issue.

In November 2013, Mr. Kozol filed a motion to amend his April 2012 PRA complaint to assert a failure to properly respond to another 52 PRA requests: the remaining 21 made in April 2011, and another 31 made in February 2012. The DOC objected and the trial court, Judge M. Scott Wolfram, denied the motion to amend.

In December 2013, Mr. Kozol filed a second PRA complaint[3] alleging the DOC had failed to timely respond to the remaining 21 PRA requests he had made in April 2011 and that it was silently withholding responsive records. He filed an affidavit of prejudice against Judge Wolfram.

---

[2] Walla Walla Superior Court No. 12-2-00285-2 (Court of Appeals No. 32643-8-III).

[3] Walla Walla Superior Court No. 13-2-00930-8 (Court of Appeals No. 32596-2-III).

3

On November 22, 2013, Mr. Kozol was deposed. He revealed for the first time that it was DOC's failure to provide him with copies of the back side of each DOC 05-165 that he contended was the PRA violation.

In a declaration filed in support of the DOC's motion practice below, Lee Young, a correctional specialist assigned as the grievance coordinator, explained that because "[n]one of the information on the back page of DOC 05-165 is used to process the offender's grievance . . . it is not considered to be part of the grievance record." CP at 443. She also testified to her standard practice in processing a grievance, as a part of which, after responding to an inmate complaint, she "scan[s] and maintain[s] a copy of the completed complaint and response." *Id.* Because the back side of the document is not considered part of the complaint, "it would not be scanned and maintained as part of the grievance record." *Id.* The original inmate complaint is shredded after being scanned, so the back sides of the 22 offender complaints requested by Mr. Kozol had been destroyed almost a year before Mr. Kozol revealed in his deposition that he viewed them as responsive to his request.

By May 2014, the parties had filed and briefed several motions in the second action. They included the DOC's show cause motion seeking dismissal of the 21-claim action and a motion by Mr. Kozol to consolidate his two cases.

On May 12, Judge John Lohrmann heard argument of the parties' pending motions. He denied Mr. Kozol's motions to amend or consolidate and granted the DOC's

4

show cause motion, dismissing the 21-claim case with prejudice. In addition to finding

that Mr. Kozol's second action was time barred, Judge Lohrmann concluded that

dismissal was warranted for the further reason that

> the sole basis of the alleged violation is the Defendant[']s failure to provide [Mr. Kozol] with the back instruction page of each of the separate grievances. Per the declarations filed, it is clear that said page is merely instructional for the offender filling out the form; it would not be scanned and maintained as part of the grievance record, and it would not have been considered responsive to the request.

CP at 810. In addition to dismissing the 21-claim action, the court found it to be

"frivolous and malicious" within the meaning and purposes of RCW 4.24.430. *Id.* at 811.

Mr. Kozol moved for reconsideration, which was denied.

A few days later, the DOC filed a motion for summary judgment in the single-

claim action, presenting the same issue of whether the back side of the DOC grievance

form was a document responsive to Mr. Kozol's PRA request. Mr. Kozol responded. On

June 19, 2014, Judge Lohrmann heard the DOC's motion for summary judgment and a

number of motions filed by Mr. Kozol. He denied all of Mr. Kozol's motions, granted

the DOC's motion, and dismissed Mr. Kozol's single-claim action, making the following

handwritten addition to the DOC's proposed order:

> Because the sole purpose of the complaint was a scheme to request a document or documents regarding which the Plaintiff might anticipate and argue that a page was missing—without any true or good faith desire or need to see the page alleged to be missing—this action is deemed "frivolous and malicious" within the meaning of RCW 4.24.430.

5

No. 32596-2-III (consol. w/ No. 32643-8-III)
*Kozol v. Dep't of Corr.*

CP at 570. Mr. Kozol appealed the dismissal of both actions. We consolidated the appeals.

## ANALYSIS

"The PRA is a 'strongly worded mandate for broad disclosure of public records.'" *Resident Action Council v. Seattle Hous. Auth.*, 177 Wn.2d 417, 431, 327 P.3d 600 (2013) (quoting *Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 127, 580 P.2d 246 (1978)). The policy behind the PRA is that "free and open examination of public records is in the public interest." *Neigh. All. of Spokane County v. County of Spokane*, 172 Wn.2d 702, 715, 261 P.3d 119 (2011). Accordingly, the PRA is to be "liberally construed . . . to assure that the public interest will be fully protected." RCW 42.56.030.

Under RCW 42.56.080, agencies must make "identifiable public records" available for public inspection and copying. A public record is broadly defined as "any writing containing information relating to the conduct of government." RCW 42.56.010. "An identifiable public record is one for which the requestor has given a reasonable description enabling the government employee to locate the requested record." *Beal v. City of Seattle*, 150 Wn. App. 865, 872, 209 P.3d 872 (2009). When interpreting public records requests, the PRA does not require agencies to be mind readers. *Bonamy v. City of Seattle*, 92 Wn. App. 403, 409, 960 P.2d 447 (1998).

Agencies are not required to provide records that do not exist. *Sperr v. City of Spokane*, 123 Wn. App. 132, 136-37, 96 P.3d 1012 (2004). However, where the agency

6

possesses undisclosed responsive records, it "must explain and justify any withholding, in whole or in part, of any requested public records." *Resident Action Council*, 177 Wn.2d at 432. "Silent withholding is prohibited." *Id.* Agency actions taken or challenged under the PRA are reviewed de novo. RCW 42.56.550.

Mr. Kozol's opening briefs in the two appeals before us challenge the trial court's actions in denying amendment, refusing to deem his first complaint amended, concluding that his claims were not timely, refusing to consolidate his two cases, engaging in allegedly improper procedure, denying a motion to continue the DOC's summary judgment motion and permit further discovery, and concluding that the back side of the DOC's grievance form was not responsive to his 22 PRA requests. The last issue proves dispositive.

Mr. Kozol's contention that the DOC withheld responsive documents is based solely on its failure to produce copies of the back side of the 22 grievance forms. He disputes the DOC's position that the back side is solely instructional and not a part of the grievance or complaint form. Focusing on his request for the "original complaint form," he contends that the back side of each DOC 05-165 was encompassed by his requests.

It first bears noting that RCW 42.56.070(1) requires agencies to make their public records "available for public inspection and copying"—it is not required to give its original public records to requesters. For that reason, and also because Mr. Kozol's request was for an electronic copy of the record, his use of the word "original" could not

7

be understood as meaning the actual complaint form completed and signed by the inmate (which would necessarily have the instructions on the back). It could only have meant a copy of the actual complaint form. At issue, then, is whether "complaint form" is reasonably understood to mean the "Offender Complaint" side of DOC 05-165 or both the "Offender Complaint" side and the instruction side of that document.

The relevant meaning of the word "form" is defined as

**e** (1) **:** a printed or typed document with blank spaces for insertion of required or requested specific information <a [form] for a deed> <be sure to fill all blanks on your tax [form]>.

WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 892 (1993).

Only the front, "Offender Complaint" side of DOC 05-165 includes blank spaces for inserting the specific information required for a grievance. Mr. Kozol has offered supplemental evidence of back sides of grievance forms on which handwriting appears,[4]

_____

[4] On May 27, 2015, our commissioner granted Mr. Kozol's motion to add to the record on appeal the material in appendix A to his brief in cause no. 32596-2-III. It contains a total of 51 single-sided sheets. *See* Appellant's Opening Br. (No. 32643-8-III) at Appendix A. Forty-two sheets contain preprinted instructions from the back side of DOC 05-165, the grievance form, and nine contain no preprinted material, suggesting that the inmate was using a photocopy of the Offender's Complaint form. While 30 sheets have some form of writing on them, 23 of those only contain the date, or the name or mailbox number of the grievance counselor. Only six appear to reflect anything remotely substantive. On one, the offender suggests a remedy for the grievance. On another, which is largely incomprehensible, the offender makes vague allegations of kidnapping, torture, and false statements and then makes potential threats to several people. On three, it appears that the offender was just working through the questions on the bottom of the grid in shorthand in order to fully explain the grievance on the front. One is illegible. Appellant's Opening Br. (No. 32643-8-III) at Appendix A.

but none undercut the DOC's evidence that the instruction page is not a part of the grievance as processed by the DOC. The infrequent and random use of the instruction sheet by third parties does not support a conclusion that the DOC should reasonably have regarded it as responsive to Mr. Kozol's request. The DOC did not violate the PRA in failing to recognize that Mr. Kozol was seeking copies of preprinted instruction sheets never used by the DOC in processing grievances.

The DOC's innocent destruction of the records also excuses its failure to produce them. In a decision involving an action commenced in Spokane County by Mr. Kozol, this court recently held:

> [W]hether or not a record should exist is a different question than whether it does exist. The PRA only requires that access be granted to existent records, not nonexistent records that one believes should exist. While Mr. Kozol believes that the back side of the original grievance form should exist, DOC proved otherwise. As DOC produced the only part of the specified grievance forms that still existed, it complied with the dictates of the PRA.

*Kozol v. Dep't of Corr.*, 192 Wn. App. 1, 7-8, 366 P.3d 933 (2015) (footnote and citation omitted).

For both reasons, no further discovery was warranted and Mr. Kozol's claims, whether time-barred or not, were properly dismissed.

Affirmed.

9

No. 32596-2-III (consol. w/ No. 32643-8-III)
*Kozol v. Dep't of Corr.*

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Siddoway, J.

WE CONCUR:

Korsmo, J.

Lawrence-Berrey, A.C.J.