IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| JOHN EARL ERICKSON and SHELLEY ANN ERICKSON, | ) ) ) | No. 82755-3-I |
| Appellants, | ) ) | |
| v. | ) ) | |
| VANESSA POWER, STOEL & RIVES, SELECT PORTFOLIO SERVICING, JOHN GLOWNEY, WILL EIDSON, THOMAS REARDON, LANCE OLSEN HOLTHUS & MCCARTHY, | ) ) ) ) ) ) ) | UNPUBLISHED OPINION |
| Respondents. | ) ) | |

VERELLEN, J. — This is the third appeal before this court regarding John and Shelley Erickson's 2009 default on their mortgage. The trial court granted summary judgment against the Ericksons, concluding collateral estoppel barred relitigation of their claims. Because the unrebutted evidence established that the Ericksons are attempting to relitigate the same issues previously resolved in several final prior adjudications, the trial court did not err by granting summary judgment.

The Ericksons argue the trial court erred by denying their CR 56(f) motion to continue the summary judgment hearing. Because the Ericksons failed to establish good cause existed to delay the hearing, the trial court did not abuse its discretion.

For the first time on appeal, the respondents request that we find the Ericksons to be vexatious litigants. Because this presents a fact-specific question affecting the Ericksons' ability to file claims in trial court, such a request should be pursued in trial court.

Therefore, we affirm.

## FACTS

The Ericksons purchased a house in 2006 with a loan secured by a deed of trust from Long Beach Mortgage Company, which was part of Washington Mutual.[1] Long Beach soon sold the loan into a trust, and Deutsche Bank National Trust Company was the trustee.[2] When Washington Mutual failed, its assets were purchased by JP Morgan Chase.[3]

The Ericksons defaulted in 2009.[4] They brought a lawsuit against Deutsche Bank in August of 2010 (Erickson I).[5] The suit was removed to federal court.[6] The Ericksons sought an injunction against foreclosure, arguing the bank lacked standing to enforce the note because it was not the original creditor and could not

---

[1] Deutsche Bank Nat'l Tr. Co. for Long Beach Mort. Loan Tr. 2006-4 v. Erickson, No. 73833-0-I, slip op. at 2 (Wash. Ct. App. Feb. 13, 2017), http://www.courts.wa.gov/opinions/pdf/738330.pdf (Erickson II).

[2] Id.

[3] Id.

[4] Id. at 3.

[5] Erickson v. Deutsche Bank Nat'l Tr. Co. for Long Beach Mort. Loan Tr. 2006-4, No. 81648-9-I, slip op. at 2 (Wash. Ct. App. Nov. 29, 2021) http://www.courts.wa.gov/opinions/pdf/816489.pdf (Erickson III).

[6] Id.

produce the original note.[7] The court granted summary judgment in favor of Deutsche Bank, concluding it held the note.[8]

In 2013, J.P. Morgan Chase assigned its interest in the Erickson's loan to Deutsche Bank, and Deutsche Bank filed suit in King County Superior Court to foreclose on the note (Erickson II).[9] Deutsche Bank moved for summary judgment, arguing that it was entitled to foreclosure because it held the note.[10] In 2015, the trial court granted summary judgment in favor of Deutsche Bank.[11] This court affirmed, concluding both that collateral estoppel prevented the Ericksons from relitigating whether Deutsche Bank held the note and that, regardless, as a matter of law, Deutsche Bank held the note.[12]

In 2019, the Ericksons filed a CR 60 motion in superior court to vacate the 2015 superior court judgment (Erickson III).[13] The trial court granted summary judgment for Deutsche Bank, dismissing the Erickson's claims.[14] This court affirmed,[15] concluding collateral estoppel barred the Ericksons from "present[ing]

---

[7] Erickson v. Long Beach Mortg. Co., No. 10-1423 MJP, 2011 WL 830727, at *3 (W.D. Wash. Mar. 2, 2011) (Erickson I).

[8] Id.

[9] Erickson III, No. 81648-9-I, slip op. at 2.

[10] Erickson II, No. 73833-0-I, slip op. at 3.

[11] Id.

[12] Id. at 7.

[13] Erickson III, No. 81648-9-I, slip op. at 2.

[14] Id. at 3.

[15] Id. at 1.

identical issues as they did in a federal proceeding in 2010, and again in a superior court action in 2014."[16]

The law firm Stoel Rives, LLP, and several of its attorneys represented Deutsche Bank in both Erickson II and Erickson III.  In May of 2020, the Ericksons filed a 190-page complaint and accompanying appendix of over 1,500 pages in superior court against Stoel Rives and the attorneys who worked on those past cases.[17]  The Ericksons alleged "OUR ENTIRE RESIDENCE IS BEING SEIZED, AND TRESPASSED BY FRAUDS WITH A WRONGFUL FORECLOSURE AND SALE AT AUCTION BY FRAUDS WITH NO PERMISSION TO REPRESENT ANOTHER FRAUD WHOM NEVER HELD OUR NOTE."[18]

Stoel Rives moved for summary judgment, arguing collateral estoppel barred the Ericksons from relitigating whether Deutsche Bank held the note securing their loan.  The Ericksons filed a CR 56(f) motion to continue, arguing more time was required to depose Jess Almanza, a former Washington Mutual employee whose signature appears on the back of the note, indorsing it in his capacity as a vice president of Long Beach.  The trial court denied the CR 56(f) motion and granted summary judgment for Stoel Rives.

The Ericksons appeal.

---

[16] Id. at 7.

[17] We refer to defendants collectively as "Stoel Rives."

[18] Clerk's Papers (CP) at 3-4.

ANALYSIS

I. CR 56(f) Motion to Continue

The Ericksons contend the trial court relied upon inadmissible evidence to deny their motion to continue.[19] We review denial of a CR 56(f) motion for abuse of discretion.[20] A court abuses its discretion when it acts based on untenable evidentiary grounds or on untenable legal reasons.[21]

Under CR 56(f), a court can grant a continuance to provide a party opposing summary judgment more time to conduct discovery.[22] The court can deny the motion when "(1) the requesting party fails to offer a good reason for the delay, (2) the requesting party does not state what evidence is desired, or (3) the desired evidence will not raise a genuine issue of material fact."[23]

In Coggle v. Snow, this court held a trial court abused its discretion by denying a CR 56(f) motion.[24] A patient sued his doctor for malpractice, alleging a particular mixture of drugs caused a respiratory problem.[25] The doctor filed for

---

[19] Appellant's Br. at 15, 35-37.

[20] MRC Receivables Corp. v. Zion, 152 Wn. App. 625, 629, 218 P.3d 621 (2009) (citing Coggle v. Snow, 56 Wn. App. 499, 504, 784 P.2d 554 (1990)).

[21] Coggle, 56 Wn. App. at 507 (quoting State ex rel. Carroll v. Junker, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)).

[22] Bavand v. OneWest Bank, 196 Wn. App. 813, 821-22, 385 P.3d 233 (2016).

[23] Kozol v. Wash. State Dep't of Corr., 192 Wn. App. 1, 6, 366 P.3d 933 (2015) (citing Tellevik v. 31641 W. Rutherford St., 120 Wn.2d 68, 90, 838 P.2d 111 (1992)).

[24] 56 Wn. App. 499, 504, 784 P.2d 554 (1990).

[25] Id. at 501.

summary judgment and included an affidavit from a respiratory physician who declared that the doctor was not negligent for administering the drugs.[26]  Less than one week later, the patient's counsel filed a CR 56(f) motion for a 15-day continuance.[27]  The patient's counsel explained a continuance was necessary because, first, the patient's original counsel was retiring and he had replaced him days earlier, and, second, he had just met the patient's new physician and needed more time to file a declaration rebutting the respiratory physician's affidavit.[28]  The trial court denied the motion and granted summary judgment for the doctor.[29]  This court reversed, explaining good cause existed under CR 56(f) for the continuance because the patient's first counsel was "dilatory" in conducting discovery, the patient's new counsel associated after the summary judgment motion was filed, and the new counsel needed more time to gather the evidence necessary to rebut the respiratory physician's affidavit.[30]

In Bavand v. OneWest Bank, by contrast, this court affirmed the trial court's denial of a CR 56(f) motion.[31]  A borrower fell behind on her payments, and her bank sent a notice of default.[32]  The borrower filed a complaint against her bank in

---

[26] Id. at 501-02.

[27] Id. at 502.

[28] Id.

[29] Id. at 503.

[30] Id. at 508.

[31] 196 Wn. App. 813, 821, 385 P.3d 233 (2016).

[32] Id. at 820.

superior court, alleging federal claims and a state claim.[33] The case was removed to federal court, and it dismissed all of the federal claims on summary judgment.[34] The state claim was remanded to the superior court, and the bank moved for summary judgment.[35] The borrower requested a continuance under CR 56(f).[36] The superior court denied the CR 56(f) motion and granted summary judgment.[37] This court affirmed. It explained the borrower failed to explain why good cause existed for a continuance requested almost four years after first filing her complaint and more than two years after the federal court granted summary judgment.[38] And the borrower failed to explain why she had been unable to discover the evidence identified in her motion.[39]

Here, the trial court denied the Erickson's CR 56(f) motion because, among other reasons, they "did not exercise diligence in seeking any such discovery."[40] On January 19, 2021, the Ericksons requested a continuance of the summary judgment hearing scheduled for January 29[41] in order to depose former

---

[33] Id. at 821.

[34] Id.

[35] Id.

[36] Id.

[37] Id.

[38] Id. at 822-23.

[39] Id. at 823.

[40] CP at 3513.

[41] The hearing was continued to March of 2021 because the judge set to hear the motion recused herself.

Washington Mutual employee Almanza.[42]  But their motion fails to explain why they could not have located and deposed him earlier.  In their opposition to summary judgment, the Ericksons admitted they first learned of Almanza and his potential significance to their legal theory during their 2015 case against Deutsche Bank.[43]  In another opposition to summary judgment, the Ericksons explained they "discovered that Jess Almanza was never employed by and was never 'Vice President' of Long Beach Mortgage Company" in August of 2018 when they found his LinkedIn profile.[44]  And in a November 31, 2020 filing from the instant case, the Ericksons listed Almanza as a potential witness, explaining he was "expected to testify that he was never a Vice President of or even an employee of Long Beach Mortgage Company."[45]  Despite learning his significance in 2015, finding him on LinkedIn in 2018, and concluding by November 2020 that he could be a witness,

---

[42] CP at 2389-90.

[43] CP at 3237-38.

[44] CP at 2297.  The Ericksons allege the trial court erred because it took judicial notice of LinkedIn's messaging functions and based its decision on that fact.  Appellant's Br. at 15, 35-36; Reply Br. at 28-29.  The record does not support them.  Before the trial court mentioned LinkedIn, it denied the CR 56(f) motion, explaining the Erickson's did not "identify a single thing that you haven't been able to obtain in discovery [or] explain why you haven't been able to obtain it in discovery."  Report of Proceedings (Mar. 26, 2021) at 9, 11.  The court mentioned the messaging function on LinkedIn merely to illustrate the Ericksons' failure to explain their alleged inability to depose Almanza.  The Ericksons fail to establish the court took judicial notice of a fact and, even if it did, that the court relied on that fact to make its decision.

[45] CP at 1929-30.

8

the Ericksons did not serve Almanza with a deposition subpoena until February 5, 2021.[46]

Unlike the patient in <u>Coggle</u> and like the borrower in <u>Bavand</u>, the Ericksons knew of Almanza's potential significance and of his potential testimony years before requesting a continuance. Like <u>Bavand</u>, their motion failed to explain what prevented them from deposing Almanza or, at least, obtaining a declaration from him between August of 2018 and January of 2021. Indeed, Almanza provided a declaration only a few weeks after being served.[47] Contrary to the Erickson's belief,[48] CR 56(f) requires more than belated diligence. The party requesting a continuance must offer a good reason for the delay in discovering their desired evidence.[49] Because the Ericksons did not do so, they fail to show the trial court abused its discretion by denying the CR 56(f) motion.[50]

## II. Summary Judgment

The trial court granted summary judgment for Stoel Rives and dismissed the Ericksons claims with prejudice because "the issues raised in the Complaint

---

[46] CP at 2892.

[47] <u>Id.</u>

[48] Reply Br. at 29.

[49] <u>Kozol</u>, 192 Wn. App. at 6 (citing <u>Tellevik</u>, 120 Wn.2d at 90).

[50] Because we affirm on this basis, we do not reach the trial court's conclusion that Almanza's declaration did not present a genuine issue of material fact. <u>See</u> <u>Bavand</u>, 196 Wn. App. at 825 ("We may affirm on any basis supported by the record.") (citing <u>First Bank of Lincoln v. Tuschoff</u>, 193 Wn. App. 413, 422, 375 P.3d 687 (2016)).

are barred by collateral estoppel."[51]

We review a grant of summary judgment de novo.[52] Summary judgment is proper when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."[53] "'A genuine issue of material fact exists if reasonable minds could differ on the facts controlling the outcome of the litigation.'"[54]

We review de novo whether collateral estoppel bars relitigation of an issue.[55] "The doctrine of collateral estoppel prevents relitigation of an issue after the party estopped has had a full and fair opportunity to present its case."[56] Collateral estoppel, also called issue preclusion, "promotes judicial economy and prevents inconvenience or harassment of parties"[57] by "'preventing needless litigation.'"[58] The party asserting collateral estoppel must establish four elements:

---

[51] CP at 3512.

[52] Bavand, 196 Wn. App. at 825 (citing Ranger Ins. Co. v. Pierce Cty., 164 Wn.2d 545, 552, 192 P.3d 886 (2008)).

[53] CR 56(c).

[54] Bavand, 196 Wn. App. at 825 (quoting Knight v. Dep't of Labor & Indus., 181 Wn. App. 788, 795, 321 P.3d 1275 (2014)) (internal quotation marks omitted).

[55] Schibel v. Eymann, 189 Wn.2d 93, 98, 399 P.3d 1129 (2017) (citing Christensen v. Grant County Hosp. Dist. No. 1, 152 Wn.2d 299, 305, 96 P.3d 957 (2004)).

[56] Hanson v. City of Snohomish, 121 Wn.2d 552, 561, 852 P.2d 295 (1993) (citing Malland v. Dep't of Retirement Sys., 103 Wn.2d 484, 489, 694 P.2d 16 (1985); Beagles v. Seattle-First Nat'l Bank, 25 Wn. App. 925, 929, 610 P.2d 962 (1980)).

[57] Schibel, 189 Wn.2d at 98 (citing Christensen, 152 Wn.2d at 306).

[58] State Farm Fire & Cas. Co. v. Ford Motor Co., 186 Wn. App. 715, 722, 346 P.3d 771 (2015) (quoting Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979)).

> (1) the issue sought to be precluded is identical to that involved in the prior action; (2) the issue was determined by a final judgment on the merits; (3) the party against whom the plea is asserted must have been a party to or in privity with a party to the prior adjudication; and (4) application of the doctrine must not work an injustice on the party against whom the doctrine is to be applied.[59]

The Ericksons dispute that any of the four elements were met.

To satisfy the first element and establish that the issues were identical, Stoel Rives had to show "substantial similarity between the facts in this case and the prior cases" and that "the controlling legal rules are the same in this case and the prior cases."[60] The basis of the Ericksons' present complaint against Stoel Rives is that it perpetrated fraud upon the court by representing entities without the authority to foreclose because the note was not properly held by Deutsche Bank.[61]

In Vanessa Power's declaration in support of summary judgment,[62] Stoel Rives presented unrebutted evidence that this is the same issue presented and resolved already in Erickson I and Erickson II. In Erickson I, the federal court concluded Deutsche Bank held the note and had the authority to foreclose.[63] In

---

[59] Id. (citing Hadley v. Maxwell, 144 Wn.2d 306, 311-12, 27 P.3d 600 (2001)).

[60] Id. at 723 (citing Thompson v. Dep't of Licensing, 138 Wn.2d 783, 791-92, 982 P.2d 601 (1999); LeMond v. Dep't of Licensing, 143 Wn. App. 797, 805-06, 180 P.3d 829 (2008); Cloud v. Summers, 98 Wn. App. 724, 730-31, 991 P.2d 1169 (1999)).

[61] CP at 49-50; see also CP at 8 ("Stoel and Rives have made false pleadings from the start of their case in [Deutsche Bank National Trust Company] v. Ericksons [Erickson II]. Defendants mislead the courts. Misleading the courts to be defending a false defendant with false jurisdictional pleadings is no mistake and it VOIDS THEIR CASES FILED.").

[62] CP at 2022-24.

[63] CP at 2069-70 (Erickson I decision).

11

Erickson II, this court applied Washington law and concluded Deutsche Bank held the note and had the authority to foreclose.[64] And after the trial court granted summary judgment in the instant case, this court considered Erickson III and concluded the issues presented were identical to those decided in Erickson II.[65] Stoel Rives clearly established the first element for collateral estoppel.

As to the second element, the Ericksons contend Stoel Rives failed to establish final judgments were entered in the previous cases because "[n]o judgment on the merits has ever entered on the allegations of fraud arising from the concealed identity of [Select Portfolio Servicing, Inc.], the actual client of the STOEL RIVES attorneys."[66] But the basis of this argument is that Deutsche Bank and its agents committed fraud by foreclosing without holding the note. Final judgments entered in the previous cases already resolved this issue.

The Ericksons also argue no final judgments were ever entered because no "court ever heard or determined the new evidence discovered in the course of the proceedings in the action on appeal."[67] But the Ericksons presented evidence and argument about Almanza's signature in their Erickson III complaint to allege Deutsche Bank committed fraud.[68]

---

[64] CP at 2270-71 (Erickson II decision).

[65] No. 81648-9-I, slip op. at 7.

[66] Appellant's Br. at 25-26.

[67] Id. at 26.

[68] CP at 1517-19 (Nora Decl.); CP at 2040-42 (complaint). Even if the Erickson III litigation had not already considered the Almanza evidence, the Ericksons fail to explain why new evidence of an issue already resolved should be considered in new litigation rather than in a CR 60 motion. Indeed, Erickson III was a CR 60 motion, and the Ericksons fail to explain why the Almanza

Stoel Rives established final judgments were entered in <u>Erickson I</u>, <u>Erickson II</u>, and <u>Erickson III</u>.

For the third element, the Ericksons contend collateral estoppel does not apply because there was not privity between Stoel Rives and Deutsche Bank or other parties to past cases.[69]  But they misunderstand this requirement. Washington law used to require mutuality of parties, "meaning there had to be identity or privity of parties in the same antagonistic relationship in both proceedings."[70]  But it now requires that only the party being estopped be the same, or, at least, be in privity with another party in both proceedings.[71]  Because it is undisputed that the Ericksons were party to each of the past proceedings and they are the party being estopped, Stoel Rives established this element.

As to the fourth element, the Ericksons contend application of collateral estoppel would be unjust because no court has held a full hearing based upon the Almanza declaration.[72]  But the Almanza declaration is merely an extension of the same argument and evidence presented in <u>Erickson III</u>.  And, unlike the defendant

---

declaration should be considered now when, without explanation, they failed to obtain it after recognizing Almanza's alleged significance in 2018 before filing <u>Erickson III</u>.

[69] Appellant's Br. at 30-31; Reply Br. at 26-27.

[70] <u>State v. Mullin-Coston</u>, 152 Wn.2d 107, 113, 95 P.3d 321 (2004) (citing <u>Owens v. Kuro</u>, 56 Wn.2d 564, 568, 354 P.2d 696 (1960)).

[71] <u>Id.</u> at 113-14 (citing <u>Kyreacos v. Smith</u>, 89 Wn.2d 425, 428-30, 572 P.2d 723 (1977); <u>Nielson v. Spanaway Gen. Med. Clinic, Inc.</u>, 135 Wn.2d 255, 258, 269, 956 P.2d 312 (1998)).

[72] Appellant's Br. at 32-34.

in State Farm Fire & Casualty Co. v. Ford Motor Co.,[73] the Ericksons are being defensively, rather than offensively, collaterally estopped after having addressed a legally and factually identical issue in several past cases that included the opportunity to discover and present the Almanza evidence. Stoel Rives satisfied the fourth element.

Because Stoel Rives provided unrebutted evidence to establish the four elements of collateral estoppel, the trial court did not err by granting summary judgment on that basis.[74]

III. Vexatious Litigation

For the first time on appeal, Stoel Rives requests that we find that the Ericksons are vexatious litigants.

Courts have the inherent discretion to "place reasonable restrictions on any litigant who abuses the judicial process."[75] When a court limits a vexatious litigant's ability to file claims, it imposes an injunction on the litigant.[76] Under CR 65(d), a party seeking such an injunction must demonstrate a "'specific and detailed showing of a pattern of abusive and frivolous litigation.'"[77] Accordingly, "CR 65(d) requires every injunction to set forth the reasons for its issuance."[78]

---

[73] 186 Wn. App. 715, 725-27, 346 P.3d 771 (2015).

[74] Because we can affirm on this ground alone, we decline to reach the question of whether the Ericksons failed to establish fraud.

[75] Yurtis v. Phipps, 143 Wn. App. 680, 693, 181 P.3d 849 (2008) (citing In re Marriage of Giordano, 57 Wn. App. 74, 78, 787 P.2d 51 (1990)).

[76] Whatcom County v. Kane, 31 Wn. App. 250, 253, 640 P.2d 1075 (1981).

[77] Yurtis, 143 Wn. App. at 693 (quoting Kane, 31 Wn. App. at 253).

[78] Kane, 31 Wn. App. at 253.

Whether to impose an injunction is a fact-specific question,[79] and the typical role of an appellate court is to review trial court actions and not to take or weigh evidence.[80] Unlike Yurtis v. Phipps, where an appellate court enjoined a litigant shown to be abusing the appellate judicial process,[81] Stoel Rives seeks to restrict the Ericksons' ability to file in trial court. Despite an ample record of the Ericksons' repetitive claims, a trial court is best positioned to make the fact-specific determination about whether they are vexatious litigants. We decline to consider Stoel Rives's request.

We affirm the trial court's grant of summary judgment and decline to consider Stoel Rives's vexatious litigants motion.

_____

WE CONCUR:

_____      _____

---

[79] See Proctor v. Huntington, 169 Wn.2d 491, 503, 238 P.3d 1117 (2010) (court's equitable power to enter an injunction "is inherently flexible and fact-specific") (citing Young v. Young, 164 Wn.2d 477, 495, 191 P.3d 1258 (2008)).

[80] Bale v. Allison, 173 Wn. App. 435, 458, 294 P.3d 789 (2013) (quoting Quinn v. Cherry Lane Auto Plaza, Inc., 153 Wn. App. 710, 717, 225 P.3d 266 (2009)).

[81] 143 Wn. App. 680, 181 P.3d 849 (2008).