IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| SCOTT L. STOLLER,<br><br>           Appellant,<br><br>        v.<br><br>WASHINGTON STATE<br>DEPARTMENT OF CORRECTIONS,<br>a state agency; CHERYL STRANGE,<br>Secretary of the Washington State<br>Department of Corrections,<br><br>           Respondents. | No. 87063-7-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DÍAZ, J. — Scott Stoller sued the Department of Corrections (DOC) and its secretary for negligence and violations of his constitutional rights, claiming he was attacked in prison by a fellow inmate. DOC moved for summary judgment. Days before oral argument, Stoller's new attorney moved for a CR 56(f) continuance, which the court denied. The court granted summary judgment for DOC. Stoller, now pro se, challenges the denial of his motion to continue. We affirm the superior court's denial, as his counsel's motion did not comply with CR 56(f).

## I.    BACKGROUND

In 1997, a jury convicted Stoller of child rape and child molestation. <u>Stoller v. Dep't of Corr.</u>, noted at 150 Wn. App. 1016, slip op. at 1 (2009). Stoller alleges

that inmates attacked him in 1999, 2017, and 2018. After the 2018 attack, Stoller filed, lost, and unsuccessfully appealed, a grievance with DOC, requesting administrative segregation. In short, DOC claimed its "segregation policy 320.200 require[d] that [Stoller] provide specific actions and individuals posing a threat which could not be found for the incidents given in [his] grievance" and "[n]o records of requests for protective custody were found."

In November 2021, Stoller, represented by counsel, sued both DOC and its secretary. The complaint alleged DOC negligently breached its duty to protect him from harm by other inmates and that this failure also violated "his constitutional right to be free from cruel and unusual punishment."

In November 2022, DOC moved for summary judgment, arguing "no documentation reflects that he articulated a specific fear for his safety before" the alleged assault and a failure to establish proximate cause. (Citing Winston v. Dep't of Corr., 130 Wn. App. 61, 64, 121 P.3d 1201 (2005) ("to hold the State liable for injury to one inmate inflicted by another inmate, there must be proof of knowledge on the part of prison officials that such an injury will be inflicted, or good reason to anticipate such.")). The summary judgment motion identified the inmate who assaulted Stoller in 2018 and at least one of the officers who responded to the assault. The court set oral argument for January 27, 2023.

On January 25, 2023, Stoller's first attorney withdrew, citing health issues. On Stoller's oral motion, the court continued the scheduled hearing to give Stoller time to obtain new counsel, and "recommended" he do so "as soon as possible."

On April 14, 2023, the superior court held the hearing. A new attorney

appeared on behalf of Stoller and informed the court that, two days prior, he had mailed a notice of appearance, a CR 56(f) motion for a continuance, and a CR 6(b) motion to shorten DOC's time to respond to that motion. The court stated it did not see these documents in its file. Nonetheless, the court first heard argument on the motion to continue.[1] Ultimately, and as we will discuss further below, the court denied the continuance. The same day, the court granted summary judgment for DOC, after hearing argument from both parties on that dispositive motion.

In November 2023, Stoller, now proceeding pro se, moved for reconsideration. On December 15, 2023, the court denied the motion after holding a second hearing. Stoller appeals pro se.

## II.    ANALYSIS

Importantly, Stoller was represented by counsel for his CR 56(f) motion, which is the primary subject of this appeal. As to those time periods he was not represented, we have long held that pro se litigants are bound by the same rules of procedure and substantive law as licensed attorneys. Holder v. City of Vancouver, 136 Wn. App. 104, 106, 147 P.3d 641 (2006). A pro se appellant's failure to "identify any specific legal issues . . . cite any authority" or comply with procedural rules may still preclude appellate review. State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999); In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993) (courts are "under no obligation to grant special favors to . . . a pro se litigant."). That said, we liberally interpret *our* Rules of Appellate

---

[1] During this portion of the hearing, Stoller's attorney acknowledged he likely mailed his notice of appearance and the motions to the wrong address.

Procedure "to promote justice and facilitate the decision of cases on the merits." RAP 1.2(a).

Here, we address only the denial of Stoller's motion for a continuance. Stoller's notice of appeal indicates he seeks review of the order of December 15, 2023 "denying [his] Motion for Reconsideration of the orders entered April 14, 2023, especially the order denying" his motion for a continuance. Further, Stoller's brief assigns error only to, and presents substantive argument only on, the denial of his continuance. Stoller chose not to assign error to, or present any argument on, the order granting summary judgment. Thus, we will only consider the superior court's denial of the continuance. Clark County v. Growth Mgmt. Hr'gs Bd., 177 Wn.2d 136, 144, 298 P.3d 704 (2013) ("The scope of a given appeal is determined," not only by the notice of appeal, but by "the assignments of error, and the substantive argumentation of the parties."); Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011) ("We will not consider an inadequately briefed argument.").

Here, Stoller's counsel moved for a continuance of DOC's motion for summary judgment expressly pursuant to CR 56(f). That rule provides that if a "party cannot present by affidavit facts essential to justify the party's opposition, the court . . . *may* order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or make such other order as is just." CR 56(f) (emphasis added). A "party *does not have an absolute right to a continuance*, and the granting or denial of a motion for a continuance is reversible error only if the ruling was a manifest abuse of discretion." Willapa Trading Co.,

Inc. v. Muscanto, Inc., 45 Wn. App. 779, 785, 727 P.2d 687 (1986) (emphasis added). "Discretion is abused when it is exercised on untenable grounds or for untenable reasons." Kozol v. Dep't of Corr., 192 Wn. App. 1, 6, 366 P.3d 933 (2015). "A decision is manifestly unreasonable if the trial court takes a view that *no reasonable person* would take." Clipse v. Commercial Driver Servs., Inc., 189 Wn. App. 776, 787, 358 P.3d 464 (2015) (emphasis added).

This court has held a "court may deny [a CR 56(f)] motion where (1) the requesting party fails to offer a good reason for the delay, (2) *the requesting party does not state what evidence is desired*, or (3) the desired evidence will not raise a genuine issue of material fact." Kozol, 192 Wn. App. at 6 (emphasis added). In other words, a court can deny a CR 56(f) continuance if a party fails to identify what "desired" evidence will raise a genuine issue of material fact. "Mere speculation cannot support or defeat a motion for summary judgment." Umpqua Bank v. Gunzel, 19 Wn. App. 2d 16, 34, 501 P.3d 177 (2021). Stated positively, a continuance may be justified when "a party who knows of the existence of a material witness and shows good reason why he cannot obtain the affidavit of the witness in time for the summary judgment proceeding." Lewis v. Bell, 45 Wn. App. 192, 196, 724 P.2d 425 (1986).

Much of Stoller's briefing is devoted to (a) defending his own diligence after his first counsel withdrew and before his second lawyer appeared; (b) explaining the effect of his attorney's late appearance; and (c) citing generalized legal principles, including the purportedly analogous Sixth Amendment's right to counsel, the generalized abuse of discretion standard, and the purpose of our court

5

rules. (Quoting Weeks v. Chief of State Patrol, 96 Wn.2d 893, 895-96, 639 P.2d 732 (1982); U.S. CONT. amend. VI.[2])

On its face, Stoller does nothing to address Kozol's holding that a court may deny a CR 56(f) motion when "the requesting party does not state what evidence is desired" such that it will raise a genuine issue of material fact. 192 Wn. App. at 6. The closest Stoller comes to addressing these questions is in his reply brief, when he summarily states the "evidence would have c[o]me to light had the trial court provided the continuance." Stoller acknowledges the absence of current evidence, explaining that his second attorney "would have discovered that the laymen of the law had failed to challenge summary judgment, failed to seek discovery documents, failed to take any reasonable actions to proceed in the lawsuit."

In short, Stoller fails to identify any "desired" evidence which will raise a genuine issue of material fact, admitting that neither he nor either of his lawyers pursued such evidence. Kozol, 192 Wn. App. at 6. These are grounds alone for affirming the court. Cf. Coggle v. Snow, 56 Wn. App. 499, 508, 784 P.2d 554 (1990) (emphasis added) (where the party "identif[ied] the evidence he sought and explain[ed] that the declarations would rebut the defense expert testimony.").

---

[2] Stoller also summarily invokes the Fourteenth Amendment of the United States Constitution in his reply brief. We need not consider this argument. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) ("An issue raised and argued for the first time in a reply brief is too late to warrant consideration."); Seven Gables Corp. v. MGM/UA Entertainment Co., 106 Wn.2d 1, 14, 721 P.2d 1 (1986) ("'[N]aked castings into the constitutional sea are not sufficient to command judicial consideration and discussion.'") (quoting United States v. Phillips, 433 F.2d 1364, 1366 (8th Cir. 1970)).

Even if we were to look past Stoller's briefing to the underlying CR 56(f) motion, Stoller's second attorney does not identify "facts essential to justify [his client's] opposition]." CR 56(f). Instead, other than giving a general recounting of his claims, his declaration substantively states only that Stoller "will need time" (1) "to receive discovery responses from [DOC] regarding any procedures they may have followed to try to keep [him] from being injured," and (2) "to procure the specific names of staff at Clallam Bay to whom he gave specific information about specific inmates."

As to the former, while internal procedures may be relevant evidence and proper discovery, it does not address the thrust of the State's motion for summary judgment, namely, that "Stoller lacks objective proof that he informed prison officials of either individuals or expected events that would support keeping him separate from the general inmate population."

As to the latter, Stoller's attorney's declaration ignores the fact that the summary judgment motion identified by name the inmate who attacked him and, in a supporting declaration, the names of the officers who responded to the assault and a plethora of other documents related to the assault, including seven incident reports. Perhaps most importantly, Stoller's attorney's declaration also ignores the fact that Stoller's 2018 grievance identified at least three officers by name to whom he claims he voiced concerns after his 2017 alleged assault. In this context, it is unclear to us what information was "desired" but lacking at the time of the summary judgment hearing, which would create a genuine issue of material fact. Kozol, 192 Wn. App. at 6.

7

Given the information in his possession, we hold that it is not an abuse of discretion for the court to have found that Stoller failed to provide "a good reason" to explain why he did not proffer *any* evidence in response to DOC's motion for summary judgment, even considering his pro se status following his first attorney's withdrawal. Id. (good reason); Holder, 136 Wn. App. at 106 (pro se).

Stoller had a similar amount of time to adduce evidence in response to DOC's summary judgment motion as the plaintiff in Willapa. 45 Wn. App. at 784-85 (finding movant knew of their counsel's withdrawal over two months before trial). Stoller's counsel withdrew in late January 2023 and Stoller's hearing was held in mid-April 2023, i.e. approximately two months. At a minimum, nothing prevented Stoller from filing his own testimonial affidavit simply (re-)identifying DOC staff he believed had knowledge about specific threats. Cottringer v. Emp't Sec. Dep't, 162 Wn. App. 782, 787-88, 257 P.3d 667 (2011) (a pro se party, if acting solely on their own behalf, can act in any court as their own attorney).

As a final note, Stoller claims his "request for extension of time was denied outright without reason given for such a denial." This assertion is contrary to the record. The court provided a lengthy explanation to Stoller's then attorney for denying the continuance, including:

> I don't think the equities justify [an extension]. And I'll say why. One is, Mr. Stoller contacted you some two months ago. If you told him you couldn't assist him, *he needed to either find other counsel – and two-plus months is longer than a four-week continuance if you will –* or he needed to file his own response, as we see many individuals in custody do that if they haven't found counsel.
>
> *I was quite clear that he needed to move quickly.* Apparently some time between two months ago and this week, you've decided you have time. As a lawyer, you understand that there are deadlines for

summary judgment and can look at the file and see that. And even had things arrived yesterday, *that would be putting all of your eggs in the basket of hoping the court would continue the hearing on late request for a motion to continue*. . . .

You attempted to get it filed yesterday which is *very untimely* even if it had been successful. It wasn't successful.

(Emphasis added.)[3]

In short, Stoller failed to establish the court's decision was one "no reasonable person would take," Clipse, 189 Wn. App. at 787, when viewed on any of the factors enumerated in Kozol, 192 Wn. App. at 6. Thus, we hold the superior court did not abuse its discretion when it denied his motion for a continuance.

### III. CONCLUSION

We affirm.

Díaz, J.

WE CONCUR:

Birk, J.                    Bummm, J

---

[3] Stoller also claims the "record shows no previous extensions of time requested by any party to the proceedings." This statement is also not consistent with the record. The court explained that the "[p]laintiff asked for more time orally" after the "withdrawal of formal counsel had occurred," which the court granted.